# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

Nos. 21-12618; 21-14325; 23-10640; 23-11080; 23-12584; 23-12742; 23-13155; 23-13182; and 23-13283

_____

IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-md-02924-RLR

_____

Before WILSON, GRANT, and LAGOA, Circuit Judges.

BY THE COURT:

    Before the Court are motions to consolidate filed by the plaintiffs-appellants and retailer and distributor defendants-

appellees with respect to the above-referenced appeals. The motions to consolidate are GRANTED as follows:

The appeals arising from *In re: Zantac (Ranitidine) Products Liability Litigation*, MDL no. 2924, are CONSOLIDATED for disposition before the same panel. Specifically, the following appeals are consolidated: nos. 21-12618, 21-14325, 23-10640, 23-11080, 23-12584, 23-12742, 23-13155, 23-13182, and 23-13283.

The briefing as to the appellants with Rule 58 judgments in no. 21-12618, as referenced in the order dated October 18, 2023, shall remain separate from the briefing of other appellants.

The briefing as to the appellants in no. 23-12742—addressing only the unique class-action-related issues in this appeal—shall remain separate from the briefing of other appellants. The parties may incorporate by reference the consolidated briefing discussed below.

Appellants Base and Cavacini may file a separate initial brief in no. 23-12584—addressing only the unique issues in Appellants Base and Cavacini's appeal—with a separate response brief by the appellees, and a separate reply brief by Appellants Base and Cavacini.

Appellant Harrell may file a separate initial brief in no. 23-12584—addressing only the unique issues in Appellant Harrell's appeal—with a separate response brief by the appellees, and a separate reply brief by Appellant Harrell.

21-12618 Order of the Court 3

The remaining plaintiffs-appellants should file the same, consolidated initial brief in nos. 21-12618 (with respect to appellants, if any, remaining after remand, other than the appellants with Rule 58 judgments as referenced in the order dated October 18, 2023), 21-14325 (with respect to appellants, if any, remaining after remand), 23-10640 (with respect to appellants, if any, remaining after remand), 23-11080, 23-12584 (on behalf of Appellant Cartee), 23-13155, 23-13182, and 23-13283. Each of the three groups of defendants-appellees—the retailer and distributor defendants-appellees, the generic manufacturer defendants-appellees, and the brand manufacturer defendants-appellees—should file a single response brief on behalf of its group of defendants-appellees. The plaintiffs-appellants' request for additional words for this consolidated briefing is GRANTED IN PART. The principal briefs may not exceed 28,000 words and any reply brief may not exceed 14,000 words.[1]

The plaintiffs-appellants' request for an extended briefing schedule is DENIED WITHOUT PREJUDICE to the parties moving for briefing extensions as needed. All initial briefs are due within 40 days after the date of this order. Any extensions requests should be sought on behalf of all briefs in that round of briefing (i.e., an extension request for an initial brief should be for all initial briefs due under this order, an extension request for a

---

[1] After the response briefs are filed, the plaintiffs-appellants may seek to increase the word limit for the reply brief depending on the word count totals in the three response briefs.

response brief should be for all response briefs due under this order) so that the briefing schedule remains synchronized.

With respect to the "Suggestion of Bankruptcy for Rite Aid Corporation and Certain of its Affiliates and Notice of Automatic Stay of Proceedings" filed by Appellee Rite Aid Corporation on October 31, 2023, in appeal nos. 21-12618, 21-14325, and 23-10640, all consolidated appeals with respect to only Appellee Rite Aid Corporation are STAYED based on 11 U.S.C. § 362(a) pending further order of the bankruptcy court and this Court; however, those appeals with respect to all parties other than Appellee Rite Aid Corporation are not stayed based on 11 U.S.C. § 362(a) and may proceed to briefing as described in this order. Counsel for Appellee Rite Aid Corporation is DIRECTED to file, by the 15th of each month, monthly status reports with this Court regarding the bankruptcy petition.

The "Joint Motion for Leave to File a Single Certificate of Interested Parties on Behalf of All Parties" filed in no. 23-13283 is GRANTED.

The jurisdictional issue pertaining to all consolidated appeals—whether the individual cases merged into a single action for pretrial purposes, and if so, whether that merger destroyed the district court's diversity jurisdiction—is CARRIED WITH THE CASE. A final determination regarding this jurisdictional issue will be made by the panel to whom this case is submitted after briefing on the merits is completed. In their merits briefs, the parties are not required to further discuss this jurisdictional issue in

21-12618               Order of the Court                    5

great detail, but they may discuss it as they deem necessary or appropriate.

The plaintiffs-appellants are DIRECTED to identify, within seven days of entry of this order and in a single filing, any appellant remaining in nos. 21-12618, 21-14325, or 23-10640 that has not filed a new notice of appeal following entry of a Rule 58 final judgment.